**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRAVIS GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-298-JFH |
| ) | |
| CITY OF LONE GROVE, OKLAHOMA, ) | |
| an Oklahoma municipality; ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| FOR CARTER COUNTY, an Oklahoma ) | |
| Political Subdivision; ) | |
| CHRIS BRYANT, in his official ) | |
| and individual capacities; ) | |
| DAVID JONES, individually; ) | |
| ROBERT OLDHAM, in his official ) | |
| and individual capacities; and ) | |
| GILBER HENSLEY, individually, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Compel from Defendant Lone Grove (Docket Entry #124). United States District Judge John F. Heil who presides over this case referred this Motion to the undersigned for final determination. In this civil rights action, Plaintiff seeks all bodycam video footage in the possession of Defendant Lone Grove stemming from the shooting of Plaintiff by one of its officers. Specifically, at issue is three seconds of bodycam video from the camera affixed to Officer Gilbert Hensley of the Lone Grove Police Department during the alleged shooting of Plaintiff during a welfare check at Plaintiff's home.

The evidence provided in connection with the Motion indicates that during the events at Plaintiff's home, Officer Hensley was wearing a bodycam which had allegedly been malfunctioning prior to the relevant events. The problems with the camera had existed for some time prior to the incident.

After the shooting, the video footage was uploaded to the Lone Grove Police Department's dedicated bodycam computer. The file was then copied and provided to the Oklahoma State Bureau of Investigation ("OSBI") by Captain Stephen Holland with the Lone Grove Police Department, Officer Hensley's superior. Defendant Lone Grove responds that the video was saved to three separate external drives to insure it was not lost, altered, or deleted. Defendant Lone Grove states that the video provided to the OSBI is the same video produced to Plaintiff in discovery in this case. This video is approximately three seconds in duration.

During the depositions of Officer Brittani Armstrong and Chief Robert Oldham, both with the Lone Grove Police Department, it came to light that they had observed some three to five seconds of additional video which precedes the video produced in discovery. Both officers testified that the additional video footage shows Plaintiff kicking his trailer house door open prior to the shooting of Plaintiff by Officer Hensley. Officer Armstrong stated in her deposition that the video was viewed multiple times.

Plaintiff states that he made a supplemental request for any additional bodycam video footage from Defendant Lone Grove based upon this deposition testimony. No further footage has been produced.

Plaintiff states in his Motion that he

> is filing this Motion to ensure that if the footage is (sic) still exists – on the camera, backed upon on a server or to the cloud, or on a disk of some variety – that it be ordered produced so Plaintiff can view it in preparation for trial. Further, Plaintiff understands that a Motion to Compel is a required procedural prerequisite to enable the Court to issue discovery sanctions beyond the inherent equitable authority of the Court.

Plaintiff requests in his prayer for relief that the additional footage be produced and, in the event it cannot be produced, an affirmative statement from Defendant Lone Grove that additional footage existed but is no longer available and the reason for its unavailability. Plaintiff also requests that Defendant be ordered to pay Plaintiff's attorney fees and costs associated with the filing of the Motion. He further requests leave to re-depose Defendants at Defendant Lone Grove's cost "regarding any video hereafter produced should need arise after viewing the footage."

Defendant Lone Grove's response to Plaintiff's Motion attempts to address Plaintiff's concerns. Defendant states that, by design, the Vista model bodycam manufactured by WatchGuard was

activated manually by Officer Hensley upon his encounter with Plaintiff. It acknowledges that the bodycam malfunctioned on the night of Plaintiff's shooting and the procedures for preservation of the video and dissemination to the OSBI as a part of its investigation.

Upon being informed of the possible existence of additional video, Defendant Lone Grove undertook and internal review of the bodycam computer system, retaining a third-party computer forensics company to locate the additional video. Defendant Lone Grove also contacted WatchGuard's customer service senior manager. WatchGuard then reviewed the video from Officer Henley's bodycam and offered an explanation for the additional video. According to WatchGuard, a software anomaly existed in the WatchGuard software wherein the viewer of recorded video on the bodycam was permitted to view up to two seconds of "pre-roll" prior to the camera's record function being activated. According to WatchGuard, "pre-roll" was an unadvertised function of the camera's software and only potentially viewable when the camera was physically connected to a docking station, the docking station was connected to a computer, and the computer was on and actively operating the WatchGuard software. The video file uploaded to the computer would use the buffered video file on the camera, which contained the

4

"pre-roll" video. Once the camera was disconnected from the docking station, normal operation of the camera would overwrite the "pre-roll" video footage within three days of use or sooner if operated at 1080i resolution. The "pre-roll" feature in the software was found to be undesirable and a security update patch for the Vista cameras was released after the incident related in this action which eliminated the feature.

Most importantly, the Vista cameras automatically uploaded the video files to a computer once placed in a functional docking station connected to a computer with the WatchGuard software installed. The cameras, however, do not upload the "pre-roll" video nor could the "pre-roll" video be transferred from a body-worn camera to the WatchGuard computer software and the software does not permit video splicing or editing. The WatchGuard representative confirmed that the additional video footage observed by Officer Armstrong and Chief Oldham was likely "pre-roll" video and was only viewable when initially docked to the computer and when disconnected, could not be viewed again and would be overwritten. *See* Defendant Lone Grove's Objection at Exh. 7.

While Defendant Lone Grove anticipates a request for a spoliation instruction and sanctions as a result of its inability to produce the additional video from the bodycam, Plaintiff's

5

Motion only extends to requesting an order compelling the production of the additional video, if it exists. This Court will not enter into a speculative ruling based upon unrequested relief.

Plaintiff sought the production of the additional video under Fed. R. Civ. P. 34(a), which provides in pertinent part:

> **(a)** **In General**. A party may serve on any other party a request within the scope of Rule 26(b):
>
> **(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>
> > **(A)** any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form;

Should the party requesting the discovery not receive it from the party from whom it is requested, a motion to seek to compel production under Fed. R. Civ. P. 37(a)(3)(B) may be filed as Plaintiff has done in this instance. It is clear, however, that "[t]he Court cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control." Sonnino v. Univ. Kansas Hosp. Auth., 220 F.R.D. 633, 640 (D. Kan.), *on reconsideration in part sub nom.* Sonnino v. Univ.

of Kansas Hosp. Auth., 221 F.R.D. 661 (D. Kan. 2004).

Defendant Lone Grove has engaged in a thorough investigation into the circumstances surrounding the disposition of the additional video revealed during the depositions of two of the employees of the police department. Plaintiff has not shown any basis for this Court to doubt the sincerity of Defendant's efforts or the accuracy of the explanation given concerning the mechanics and deficiencies of the Vista camera or the WatchGuard software as confirmed by that company's representative. The evidence presented would indicate that the additional video footage was not capable of being retained by any means allowed by the software.

Additionally, this Court has no been provided no information which would demonstrate that Captain Holland – the party responsible for preserving the video – deviated from the police department's procedure for preservation or engaged in activity which was inconsistent with securing the content of the video. He immediately transferred the video to a series of computer hard drives and transmitted it to the OSBI for their investigation.

Moreover, this Court must also consider the only evidence that exists as to the content of the additional video – the testimony of Officer Armstrong and Chief Oldham. It would appear, at best, the video showed an additional three to five seconds of

7

Plaintiff opening the door to his trailer house prior to the shooting. The two officers' testimony was consistent in this revelation. Nothing in this brief recitation of the video's content would permit an adverse interpretation of the omitted video. But, again, the final determination on this issue is best left to an appropriate request for a spoliation instruction, should one be filed.

Because it is clear that the video no longer exists and was not capable of being retained, the Motion will be denied. Should Plaintiff wish to pursue a deposition of the WatchGuard representative or some other discovery with that entity in order to confirm the facts surrounding the additional video, he may do so with the appropriate discovery request.

The Court notes that Defendant Lone Grove included a request for oral argument on the Motion because of an "anticipated attempt to obtain a spoliation instruction." Since no such request for a spoliation instruction has been made at this juncture, this Court finds oral argument would not assist in the resolution of the Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery from Defendant Lone Grove (Docket Entry #124 is hereby **DENIED**. The request for fees and costs associated with the Motion

is also **DENIED**.  The request for leave to re-depose Defendants after viewing the additional video is deemed **MOOT** since the video does not exist.  Plaintiff may depose or seek discovery from the non-party WatchGuard entity to confirm the explanation of the operation of the Vista bodycam system with an appropriate discovery request.

IT IS SO ORDERED this 26th day of April, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE